## PRATHER *vs.* PALMER.

An obligation for costs, under our statute, must be *sealed.*
It being proven that a person was, *seventeen years ago,* a resident of another State, the law presumes that residence still to continue, until the presumption is overthrown by other testimony.

THIS was an action of debt, determined in the Jefferson Circuit Court, in April, 1841, before the Hon. ISAAC BAKER, one of the Circuit Judges. Prather sued Palmer. An instrument was filed, purporting to be an obligation for costs, but *unsealed.* The defendant moved to dismiss the suit, for want of a bond for costs. To establish the non-residence of Prather, the defendant proved that he was a citizen of Indiana seventeen years before. There being no other evidence of the fact of non-residence, the suit was dismissed; and Prather brought error.

*Jas. Yell,* for the plaintiff in error.

*Hempstead & Johnson,* contra. The record shows that the plaintiff was a citizen of the State of Indiana, seventeen years ago. This

Prather *vs.* Palmer.

made a *prima facie* case of non-residence, liable to be rebutted, but good until explained away by counter proof. *State vs. Baker,* as to presumption, January term, 1842. *Smith vs. Dudley,* 2 *Ark.* 68. *Clark vs. Gibson,* 2 *Ark.* 109. 2 *Stark. Ev., title " Presumptions,"* 179.

*By the Court,* DICKINSON, J. The declaration in this suit is signed by Bocage, as the attorney for the plaintiff; but, in the subsequent proceedings of the cause, it appears that James Yell is also an attorney for the same party. The paper, purporting to secure the costs which may accrue, is not sealed, and consequently cannot be considered such an obligation as is required by statute. The only question is as to the residence of the plaintiff, and whether the Court below is sustained in its judgment by the testimony adduced. James Yell, one of the plaintiff's attorneys, disclaims all knowledge of his place of residence, while Henry Allen, who knew him, declared that, seventeen years ago, the plaintiff was then a citizen of Indiana, and he had never heard of his removal from that State. This is all the evidence having any bearing upon the case.

It is sometimes a matter of some difficulty to ascertain and decide in what place a person has his residence; and, in this instance, the question is not free from difficulty. One of the witnesses, however, has fixed and determined the residence of the party, at a period, it is true, long anterior to the institution of this suit, but sufficient to raise a presumption, which, however slight, when once fixed, must remain until it is overthrown by other testimony. And, in this conclusion, we are sustained by Judge STORY, in his *Commentaries on the Conflict of Laws, p.* 39, and by other authorities. The question is one of fact, and, from the evidence set out in the bill of exceptions, we should not feel warranted in declaring the Court had erred.

Judgment affirmed.